UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE RAFAEL DELEON,

                Plaintiff,

    v.

PIERCE COUNTY JAIL, et al.,

                Defendant.

CASE NO. 3:22-CV-5473-TSZ-DWC

ORDER DECLINING TO SERVE AND GRANTING LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Jose Rafael De Leon, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint but provides plaintiff leave to file an amended pleading by December 27, 2022 to cure the deficiencies identified herein.

**I. Background**

Plaintiff, a pretrial detainee at the Pierce County Jail, asserts numerous claims against defendants Pierce County Jail, Pierce County Sheriff Department and "Pierce County Jail/Naphcare." Dkt. 1-1 at 3. Plaintiff alleges defendants violated his constitutional rights by: (1)

providing inadequate spacing between bunks; (2) violating plaintiff's right to speedy trial; (3) denying adequate access to criminal defense counsel; (4) refusing to provide contact information for the federal courthouse; (5) failing to feed plaintiff lunch on one occasion; (6) using trustee inmate workers untrained in proper handling of hazardous substances or COVID-19 protocols; (7) using improperly trained trustee inmate workers for food handling; and (8) opening legal and "federal" mail.

Plaintiff also purports to bring several of his claims (Claims 1, 2, 3, 4, 5) on behalf of himself and unnamed "others." Dkt. 1-1 at 4, 6, 7, 9.

**II. Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

A.  **Improper Defendants**

Plaintiff names only three defendants: the Pierce County Jail, the Pierce County Sheriff Department, and "Pierce County Jail/Naphcare." But the Pierce County Jail and Pierce County Sheriff Department are not legal entities capable of being sued under § 1983. Rather, the proper defendant would be the municipality, Pierce County. *See Monell v. New York City Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Wright v. Clark Cnty. Sheriff's Off.*, No. 3:15-cv-05887 BHS JRC, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). Additionally, when a private entity acting under color of state law is sued pursuant to § 1983, the Ninth Circuit has instructed that the *Monell* requirements apply to the private entity. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138–39 (9th Cir. 2012); *see also M.H. v. County of Alameda*, 62 F. Supp. 3d 1049, 1085–86 (N.D. Cal. 2014) (finding a private healthcare provider fell under *Monell*).

To set forth a claim against a municipality or entity pursuant to *Monell*, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity

ratified the unlawful conduct. *Monell*, 436 U.S. at 690–91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality or entity has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

A municipality "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original). Similarly, mere negligence in training employees cannot support municipal liability; instead, plaintiff must allege facts demonstrating the failure to train amounts to deliberate indifference to the rights of those who deal with municipal employees. *City of Canton*, 489 U.S. at 388–89. Finally, a single incident of unconstitutional action is generally insufficient to state a claim for municipal liability. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021).

Plaintiff has not named Pierce County as a defendant and has also not alleged facts to show Pierce County or Naphcare is liable under *Monell*. *See* Dkt. 1-1. If plaintiff seeks to sue Pierce County, he must name Pierce County as a defendant. Furthermore, plaintiff must allege facts sufficient to meet the required elements of a claim pursuant to *Monell* and show Pierce County or Naphcare violated his constitutional rights.

**B. Personal Participation**

Plaintiff's claims also fail to allege the personal participation of any defendant in the alleged violations of his rights. Indeed, with respect to defendant Naphcare, plaintiff makes no allegations of any conduct or wrongdoing by Naphcare and therefore states no claim against it.

The Court also notes the body of plaintiff's complaint mentions some jail employees. *See, e.g.,* Dkt. 1-1 at 3 (mentioning John Slothower, "Chief Jackson & Jones"), Dkt. 1-1 at 9 (mentioning C. O. Newkirk). But plaintiff does not allege any conduct by any individual or

allege any claims against them. Furthermore, an individual cannot be held liable solely in his capacity as a supervisor. *City of Canton*, 489 U.S. at 385–90.

To the extent plaintiff intends to proceed with § 1983 claims against any individuals in this action, he must properly and clearly identify them as defendants in the section designated for that purpose in his amended complaint and must allege facts showing how they caused, or personally participated in causing, the harm alleged in the complaint. Plaintiff must provide a short, plain statement explaining exactly what each defendant did or failed to do and how the actions violated his rights.

**C.  Section 1983 Versus Habeas /*Younger* Abstention (Claims 2 and 3)**

Two of plaintiff's claims (Claims 2 and 3) address his ongoing criminal proceeding, asserting violation of his right to speedy trial and inadequate access to counsel in his criminal proceeding; plaintiff seeks vacation of the pending criminal charges. Those claims must be brought in habeas, not as § 1983 claims. Furthermore, because the criminal proceedings are ongoing, any such claims are barred by the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971).

"Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). "A habeas petition under [28 U.S.C. §] 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to the judgment of a state court, e.g., it is the appropriate basis for a challenge to detention by a pretrial detainee." *Dyer v. Allman*, No. 18-CV-04513-RS (PR), 2018 WL 4904910, at *1 (N.D. Cal. Oct. 9, 2018) (citing *Hoyle v. Ada Cnty.*, 501 F.3d 1053, 1058 (9th Cir. 2007)). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser*, 411 U.S. at 498–99) (quotations omitted).

1  Accordingly, to the extent plaintiff is challenging the fact of his custody and seeks the vacation
2  of his criminal charges, his claims are properly raised in a § 2241 petition, not a § 1983
3  complaint.

4  Regardless of whether this case is filed as a § 1983 action or a habeas petition, plaintiff's
5  Claims 2 and 3 pertain to an ongoing criminal proceeding—and as such they appear to be barred
6  by *Younger*. Generally, federal courts will not intervene in a pending criminal proceeding absent
7  extraordinary circumstances where the danger of irreparable harm is both great and immediate.
8  *Younger*, 401 U.S. at 45, 46. Under *Younger*, abstention from interference with pending state
9  judicial proceedings is appropriate when: "(1) there is an ongoing state judicial proceeding; (2)
10 the proceeding implicates important state interests; (3) there is an adequate opportunity in the
11 state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or
12 has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*,
13 882 F.3d 763, 765 (9th Cir. 2018) (alterations adopted) (citation and internal quotation marks
14 omitted). Courts may *sua sponte* consider the propriety of a *Younger* abstention. *San Remo Hotel*
15 *v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998); *see Younger*, 401 U.S. at
16 40–41.

17 Here, state court records show state criminal proceedings are currently pending against
18 plaintiff. *See State v. De Leon*, Pierce County Superior Court No. 22-1-01212-1 (available at
19 [Pierce County Superior Court Criminal Case 22-1-01212-1](#)).[1] Plaintiff's state court criminal case
20 is ongoing and currently set for a jury trial on January 17, 2023. *Id*. The proceedings involve a
21 criminal prosecution implicating important state interests, and there is nothing to indicate

---

[1] The Court may take judicial notice of documents on file in federal or state courts. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

plaintiff would be prevented from raising in his state court criminal case the same issues he raises in Claims 2 and 3 of his complaint in this matter. Plaintiff also fails to present sufficient facts in his complaint to show risk of great and immediate irreparable harm; there is no proof of any extraordinary circumstances requiring the Court's intervention. Thus, plaintiff brings claims here that would unduly interfere with the state criminal proceeding and the Court should abstain from deciding Claims 2 and 3 pursuant to *Younger*.

**D.  Representation of Others**

Plaintiff appears to allege some of his claims on behalf of unidentified "others," as well as on his own behalf. Dkt. 1-1 at 4, 6, 7, 9.

A *pro se* inmate cannot represent anyone other than himself in a conditions of confinement action. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."); *see also McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (privilege to appear without counsel is personal to the litigant); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself."). Accordingly, to the extent plaintiff intends to seek relief on behalf of other detainees in his *pro se* complaint, he may not do so.

**E.  Failure to State a Claim/Speculative Harm**

Plaintiff's remaining claims make only broad, conclusory allegations and assert only speculative harm; they therefore fail to state a claim upon which relief can be granted.

1.  <u>Conditions of Confinement—Fourteenth Amendment (Claims 1, 5, 6 and 7)</u>

Plaintiff's Claims 1, 5, 6 and 7 address the conditions of his confinement and purport to allege claims under the Eighth Amendment. However, because plaintiff is a pretrial detainee,

those claims arise under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Plaintiff alleges his rights were violated by (1) failure to comply with bunk spacing requirements allegedly prescribed by Federal regulations (Claim 1); (2) a one-time failure to provide lunch (claim 5); and (3) use of trustee workers who are allegedly improperly trained (Claims 6 and 7). The claims, as pled in the complaint, fail to state a claim upon which relief can be granted.

"Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)). Pretrial detainees have the right to be free from punishment under the Fourteenth Amendment. *Bell*, 441 U.S. at 533. In assessing conditions of confinement for pretrial detainees, the Court considers whether the conditions amount to punishment, causing harm or disability significantly exceeding or independent of the inherent discomforts of confinement, or whether they merely result from some legitimate governmental purpose. *See Doe v. Kelly*, 878 F.3d 710, 714, 720 (9th Cir. 2017).

The Court evaluates a pretrial detainee's Fourteenth Amendment claim under an objective deliberate indifference standard. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (applying objective standard to medical care claims and describing similar treatment afforded other conditions of confinement claims) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), and *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). A pretrial detainee must demonstrate a defendant's acts or omissions were objectively unreasonable, and identify objective facts indicating the "challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that [objective]." *Kingsley*, 576 U.S. at 398.

To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts showing:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125. "Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case." *Cedillos v. Youngblood*, No. 1:21-cv-00138 DAD-BAM (PC), 2021 WL 2534534, at *4 (E.D. Cal. June 21, 2021), *report and recommendation adopted*, 2021 WL 3032688 (E.D. Cal. July 19, 2021) (citing *Gordon*, 888 F.3d at 1125).

Plaintiff has not alleged facts establishing any defendant acted with objective deliberate indifference with respect to any of his conditions of confinement claims. His allegations are wholly conclusory and allege no actions by defendants meeting the standard set out in *Gordon*.

In addition, plaintiff has not alleged facts establishing he has been harmed by any of the actions of which he complains; instead, he asserts only wholly speculative harm—which is not sufficient to state a claim. Plaintiff asserts he has been placed at risk by inadequate bunk spacing and the use of trustees untrained in proper hygiene, but nowhere alleges he has been directly exposed to or contracted COVID-19 or any other disease. Instead, he alleges only a "possible need" for medical assistance and makes generalized assertions that his "personal health is at risk." Dkt. 1-1 at 5, 11. This is not sufficient to state a claim. *See Burgess v. Newsom*, No. 1:21-cv-00077 SAB (PC), 2021 WL 4061611 (E.D. Cal. Sept. 7, 2021) (stating "generalized

allegations the warden has not done enough to control the spread" of COVID-19, are insufficient to state a cognizable claim).

Finally, plaintiff's allegation he experienced a one-time deprivation of a single meal is not sufficient to state a claim upon which relief can be granted. A "repeated and unjustified failure" to provide inmates adequate sustenance "amounts to a serious deprivation" in violation of the Constitution. *See, e.g.*, *Foster v. Runnels*, 554 F.3d 807, 813 n. 2 (9th Cir. 2009) (denying sixteen meals over twenty three days violates the Eighth Amendment). But the deprivation of a single meal does not rise to this standard. *See Wilson v. Pima Cnty. Jail*, 256 F. App'x. 949, 950 (9th Cir. 2007) (inmate did not suffer a serious deprivation when officer took away his lunch); *Smith v. Washington Dep't of Corr.*, No. C11-5731 BHS-JRC, 2013 WL 1499084, at *6 (W.D. Wash. Mar. 6, 2013) ("[Plaintiff] has not demonstrated that the reduction in food for one meal was 'sufficiently serious' to violate the Eighth Amendment."), *report and recommendation adopted*, No. C11-5731 BHS, 2013 WL 1499064 (Apr. 11, 2013). Plaintiff's claimed deprivation of one meal is therefore inadequate to state a claim under the Fourteenth Amendment.

If plaintiff intends to pursue his conditions of confinement claims, he must allege facts demonstrating specific defendants violated his constitutional rights under the above standard and identify how those actions caused him specific, non-speculative harm.

2. Access to Courts (Claim 4)

Plaintiff's fourth claim asserts he has been denied access to the courts. Dkt. 1-1 at 9. While plaintiff's allegations are not clear, he appears to claim unidentified defendants denied him access to the courts by "denying me in writing legal assistance" and refusing to provide contact information for the federal courthouse. *Id*.

Prisoners have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, in *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme

Court held a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Id*. at 349.

To establish he suffered an actual injury, plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (9th Cir. 2002); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 cases. *See Lewis*, 518 U.S. at 353 n. 3, 354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (*quoting Lewis*, 518 U.S. at 353 & n.4).

Here, plaintiff's allegations do not state a claim for violation of his right to access the courts. Plaintiff asserts only a general complaint that he has not received legal assistance. Dkt. 1-1 at 9. Plaintiff has not identified any non-frivolous criminal appeal, habeas corpus proceeding or § 1983 action that has been prejudiced—let alone identified any specific defendant who caused any such harm.

If plaintiff wishes to pursue an access to courts claim, he must provide a short, plain statement explaining exactly what each individually identified defendant did or failed to do and how the actions prejudiced a nonfrivolous criminal appeal, habeas corpus proceeding or § 1983 action.

3. <u>Handling of "Legal Mail" (Claim 8)</u>

Plaintiff's final claim alleges unnamed individuals violated his First Amendment rights by improperly opening plaintiff's "legal" and "federal" mail. Dkt. 1-1 at 12.

Specific restrictions on prisoner legal mail have been approved by the Supreme Court and Ninth Circuit. For example, prison officials may not review outgoing legal mail for legal sufficiency before sending the mail to the court. *See Ex Parte Hull*, 312 U.S. 546, 549 (1941). Prison officials may, however, require mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection. *See Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974); *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981). Incoming mail from the prisoner's attorney is considered "legal mail," but incoming mail from the courts is not "legal mail." *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996).

Whether legal mail may be opened outside the inmate's presence, however, is an open question in the Ninth Circuit. *See Sherman*, 656 F.2d at 528; *cf. Mann v. Adams*, 846 F.2d 589, 590–91 (9th Cir. 1988) (per curiam) (concluding mail from public agencies, public officials, civil rights groups, and news media may be opened outside the prisoner's presence in light of security concerns). In *Sherman*, the Ninth Circuit found "[t]he law in at least three circuits is that mail from attorneys may not be opened out of the presence of the addressee." 656 F.2d at 528. The Ninth Circuit stated it has "not yet decided the issue." *Id.* However, the Ninth Circuit has held an isolated instance or occasional opening of legal mail outside an inmate's presence does not rise to the level of a constitutional violation. *See Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989)

Here, plaintiff makes only broad, conclusory allegations that defendants opened and copied his "legal mail" and "federal mail." Plaintiff does not allege facts establishing his rights were violated by the opening of his mail: he does not identify the items that were opened or copied, does not state whether they were outgoing or incoming, does not identify the senders or recipients, and does not allege any facts demonstrating the particular pieces of opened mail were

legally protected. Plaintiff also fails to identify any specific defendant whose conduct violated his rights.

If plaintiff intends to pursue this claim he must file an amended complaint sufficiently alleging specific defendants violated his rights.

**III. Instructions to Plaintiff and the Clerk**

Due to the deficiencies described above, if plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the proposed complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize

service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately respond to the issues raised herein on or before December 27, 2022, the undersigned will recommend dismissal of this action.

The Clerk is directed to send plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 29th day of November, 2022.

David W. Christel
United States Magistrate Judge